WASHINGTON *v.* SANDER.

Opinion delivered February 16, 1925.

ELECTION OF REMEDIES—CONCLUSIVENESS.—Where the purchaser of an automobile sued his vendors in a justice's court to recover possession of the car, and lost in that court and appealed to the circuit court, he will not be heard in chancery, pending such appeal, to allege ground for reformation of the contract of sale, of which he was fully aware when he brought the original action.

Appeal from Mississippi Chancery Court, Chickasawba District; *J. M. Futrell,* Chancellor; affirmed.

*Douglas & Reid,* for appellant.

The complaint states a cause of action for equitable relief in that (1) it seeks relief against a forfeture, (2) recovery of property unlawfully detained, (3) injunction against defendants restraining them from disturbing plaintiff's peaceable possession, and (4) reformation of the so-called "sales agreement." 21 C. J. 103; 59 Ark. 405. Purely equitable relief cannot be granted in a suit properly brought at law. 37 Ark. 164.

MCCULLOCH, C. J. This is an appeal from a decree of the chancery court sustaining a demurrer to appellant's complaint against appellees and dismissing said complaint for want of equity. The facts stated in the complaint are, that appellant purchased an automobile from appellees, trading in an old car in part payment and making a small cash payment, and agreed to pay the balance of the purchase price in installments, executing an installment note containing a reservation of title in the vendor; that appellant stored the car for safekeeping

with appellees, and, on demand, appellees refused to surrender the same; that appellant brought a replevin suit against appellees in the common pleas court of Mississippi County for recovery of possession of the automobile, and that, on the trial of the case, there was a judgment against appellant, from which an appeal was prosecuted to the circuit court, where the cause is now pending.

The complaint sets forth the substance of the pleadings in the replevin suit, and it appears that appellant, in his complaint in that suit, asserted that he was the owner of the automobile under the aforesaid contract of purchase, and that he had paid all of the installments of the purchase price which had fallen due, and that he had used the automobile in a proper and lawful manner. The answer of appellees in the replevin suit is set forth in substance, and shows that appellees denied that appellant had paid the installments as they fell due, and alleged that there were unpaid matured installments, and that appellant had otherwise failed to comply with his contract by abusing the car and failing to take proper care of it.

The contract of purchase between appellant and appellees was exhibited with the complaint, and it shows, in addition to the terms of the sale concerning the payment of the price, a stipulation that the automobile was not to be used for passenger service, and that appellant would take proper care of it.

It is alleged in the complaint that appellant is an ignorant colored man, and was not advised that the contract contained any stipulations other than the bare agreement to pay the installments and that the title should be reserved in appellees until all of the installments were paid, and he alleges that he was induced to sign the contract on the false representation that it contained only those stipulations. There is a further allegation, however, in the complaint that appellees are not claiming any rights under the stipulation with reference to the car not being used for passenger service.

The prayer of the complaint is for a reformation of the contract so as to eliminate all features except the promise to pay the installments and the reservation of title.

It will be observed, from the narrative set forth in the complaint as to the issues involved in the replevin suit, that appellant claimed the right to immediate possession of the property, that he had properly used the car, and had paid the installments which had fallen due, and that these contentions were all disputed in allegations of the answer of appellees setting up their rights under the written contract.

We are of the opinion that the chancery court was correct in sustaining the demurrer to this complaint. Conceding, without deciding, that it stated a cause of action for the reformation of the contract, it shows that appellant brought suit for the possession of the automobile in a court of competent jurisdiction, and that, with full knowledge of the contents of the contract and the assertion by appellees of their rights thereunder, he elected to proceed to trial upon the issues presented and to a final judgment of the court, and that he appealed to the circuit court, where the cause is now pending. Appellant took his chances in the assertion of his rights in the other litigation, and is bound by that judgment, his only remedy being the prosecution of his appeal to the circuit court in that case.

The decree is therefore affirmed.